UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CIERRA REDMON, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-2780 |
| | § | |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant Experian Information Solutions, Inc. ("Experian"). (Dkt. 25). Having carefully reviewed the motion and applicable law, the Court **GRANTS** the motion.

## **FACTUAL BACKGROUND**

For purposes of the Court's consideration of the pending motion, the following facts alleged in Plaintiff Cierra Redmon's ("Redmon") amended complaint are taken as true. (Dkt. 19). Redmon claims to have filed a dispute with Experian[1] in 2020 regarding the completeness or accuracy of seven credit accounts. Redmon further asserts that Experian failed to follow its own procedures in preparing Redmon's consumer report, which Redmon claims is inaccurate, in violation of the Fair Credit Reporting Act ("FCRA").

---

[1] Redmon technically claims to have filed a dispute with "Defendant," not Experian specifically. Redmon, despite suing multiple entities, levels all accusations in her live complaint against a singular "Defendant." As discussed *infra*, federal pleading standards require a greater degree of specificity. Moreover, when given the chance to amend her complaint and replead her claims against Experian, Redmon declined to do so. (Dkt. 24).

Redmon seeks $45,000 in damages and $5,000 in costs to compensate her for (1) lost credit opportunities arising from Experian's alleged errors, (2) the time away from work that was spent in pursuit of her claims against Experian, and (3) mental pain and embarrassment stemming from the denial of credit opportunities.

Experian argues that Redmon's complaint generally fails to meet federal pleading standards and specifically fails to sufficiently plead the essential elements of an FCRA claim. The Court considers Experian's arguments for dismissal below.

## LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id*.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). In conducting this analysis, the Court does not consider legal conclusions as true, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In the pending motion, Experian argues that it is entitled to dismissal of Redmon's claims because Redmon's complaint is impermissibly vague and fails to sufficiently plead the essential elements of an FCRA claim. (Dkt. 25 at pp. 5–7). Redmon did not file a response to Experian's motion. The Court agrees with Experian's arguments for dismissal.

Under the FCRA, a consumer reporting agency such as Experian is tasked with following "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report related." 15 U.S.C. § 1681e(b). If a consumer disputes the completeness or accuracy of any item of information contained within a report, "the agency shall, free of charge, conduct a reasonable reinvestigation to

determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." *Id*. at § 1681i(a)(1)(A).

The Court agrees that Redmon's complaint fails to state a claim under the FCRA. As an initial matter, Redmon fails to specify how the consumer report prepared by Experian was erroneous. This bedrock deficiency undermines the entire complaint. *See Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b) [of the FCRA], a consumer must produce some evidence of an inaccuracy in her credit report.").

Despite failing to detail how Redmon's credit report was erroneous, Redmon's complaint contains a litany of grievances regarding Experian's failure to conduct a reasonable investigation of its supposed error. (Dkt. 19 at pp. 2–5). But a plaintiff must first contend a consumer report contained inaccurate information to establish a claim under § 1681i of the FCRA for failure to conduct a reasonable investigation. *See, e.g., Fillmore v. Equifax Info. Servs.*, LLC, No. 1:16-CV-1042-RP, 2017 WL 4276542, at *2 (W.D. Tex. Sept. 26, 2017) (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.")); *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2006) (finding a consumer may only bring a FCRA claim for noncompliance when an inaccuracy has been included in his credit report). Where, as here, there are no claims regarding the manner in which a consumer report is inaccurate, allegations that information is merely detrimental are not enough to state a claim under § 1681e(b) or § 1681i of the FCRA.

Redmon's complaint also fails to meet federal pleading standards because its factual allegations and requests for relief merely address a singular "Defendant"—despite there being two defendants in the case (Experian and Defendant Trans Union LLC). "[L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)." *Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016).

Finally, Redmon's complaint fails to adequately allege damages. Redmon seeks actual damages for the "expended costs and expenses in dealing with [Experian's supposed error], loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials." (Dkt. 19 at p. 6). But Redmon's complaint is devoid of factual support for these harms. Thus, Redmon's conclusory allegations are insufficient to state a claim for damages. *See Bacharach v. Suntrust Mortg., Inc.*, No. 14-CV-962, 2015 WL 6442493, at *3 (E.D. La. Oct. 23, 2015) ("Because Plaintiff alleges both a willful and a negligent violation of the FCRA, she must show she suffered actual damages because of Defendant's violation."); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697–98 (W.D. Tex. 1994) ("[P]roof of damage is an essential element of an action under the FCRA."); *see also Wagner v. BellSouth Telecomm., Inc.*, 520 F. App'x 295, 298 (5th Cir. 2013) (affirming grant of summary judgment where plaintiff "made no allegations and provided no evidence of damages [that] she suffered from the credit line reduction, and thus ... ha[d] no viable economic damages claim" under the FCRA").

Redmon also seeks punitive damages for Experian's allegedly willful violation of the FCRA. (Dkt. 19 at p. 6). But Redmon fails to allege any violation of the FCRA on Experian's part, much less a willful violation. Thus, Redmon's claim for punitive damages fails.

## CONCLUSION

For the reasons stated above, Experian's Motion to Dismiss (Dkt. 25) is **GRANTED**. Redmon's claims against Experian are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas on April 30, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE